Dear Rev. Conner:
We are in receipt of your request for an Attorney General's opinion concerning legislative reapportionment. You seek an opinion on the following question:
 Were the actions of the Louisiana Senate (in 1997) in reapportioning Senate District 34, and 6 other districts, constitutionally legal as far as they did from the census? (or can they only reapportion once after each census?)
As you pointed out in your request, the Louisiana Constitution of 1974, Article III, Section 6 provides for legislative reapportionment following the census, as follows:
 § 6. Legislative Reapportionment; Reapportionment by Supreme Court; Procedure
 Section 6.(A) Reapportionment by Legislature. By the end of the year following the year in which the population of this state is reported to the president of the United States for each decennial federal census, the legislature shall reapportion the representation in each house as equally as practicable on the basis of population shown by the census.
 (B) Reapportionment by Supreme Court. If the legislature fails to reapportion as required in Paragraph (A), the supreme court, upon petition of any elector, shall reapportion the representation in each house as provided in Paragraph (A).
 (C) Procedure. The procedure for review and for petition shall be provided by law.
Louisiana Acts 1997, No. 1211 amended and reenacted R.S. 24:35
(District No. 11 through District No. 18), (District No. 22 through District No. 28), and (District No. 32 through District No. 35), providing for the redistricting of said senate districts. This legislation came about as a result of a legal challenge to the constitutionality of seven (7) senate districts in the state in Currie, et al. v. Foster, et al, Civil Action No. 97-0368, U.S.D.C., Western District of Louisiana. This legislative act addressed all of the issues of the court action and settled the litigation.
The Louisiana Constitution, unlike the federal constitution, limits rather than grants powers. Chamberlain v. State, DOTD,624 So.2d 874, 879 (La. 1993). Thus, plenary power in the legislature is the rule and any limitation on the exercise of this power is the exception. Id. A corollary of the foregoing principle is that legislative acts are presumed constitutional, Jordan v. LeBlancand Broussard Ford, Inc., 332 So.2d 534 (La.App. 5 Cir. 1976), and any doubt of the constitutionality of a statute is to be resolved in the statute's favor. Polk v. Edwards, 626 So.2d 1128
(La. 1993). Thus, a party challenging such an act "must articulate a particular constitutional provision that limits the legislature's powers." Chamberlain, supra.
It is our opinion that while Art. III, 6 grants power to the legislature to reapportion, it in no way limits this power to only one reapportionment between each decennial federal census. Therefore, in response to your question, it is our opinion that the 1997 reapportionment of the Louisiana Senate, in addition to its reapportionment after the 1990 federal decennial census, was not prohibited by the Louisiana Constitution of 1974. If we can be of further assistance, please advise.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________________ ANGIE ROGERS LAPLACE Assistant Attorney General
RPI/ARL:cwr